**Howard F. HATCH, Plaintiff and Appellant,**

**v.**

**Crawford DAVIS, and William G. Dyer, individually and as General Partners for Real Estate Development Consultants, Defendants and Respondents.**

No. 20960.

Supreme Court of Utah.

Sept. 12, 1986.

Howard F. Hatch, pro se.

Michael E. Dyer, Orem, defendants and respondents.

PER CURIAM:

Plaintiff appeals an order of dismissal entered in the district court in Kane County. The dismissal was on the grounds that venue was improper and that the same case is pending in Utah County.

Plaintiff Hatch is the general partner in a limited partnership known as Real Estate Development Consultants ("REDC"). De-

---

fendants Davis and Dyer are limited partners (although they are designated as general partners in this lawsuit). All parties are residents of Utah County, and the principal asset of the limited partnership is real property located in Kane County.

Dispute arose over the management of the partnership and, in February 1983, Davis and Dyer filed a complaint in Utah County. In that action, Davis and Dyer sought an accounting, damages, and dissolution of the limited partnership. In early 1985, Hatch filed a pro se complaint in Kane County. Hatch alleged that Davis and Dyer had wrongfully attempted to sell the Kane County property, and he sought, inter alia, "[a]n injunction against further usurpation by Defendants of the rights of the Plaintiff to act as the General Partner of [REDC]." Davis and Dyer made a special appearance to contest venue and moved to dismiss the action. This motion was ultimately granted by the district court in Kane County.

On appeal, Hatch points out that he included a quiet title cause of action in his lawsuit. He argues that under U.C.A., 1953, § 78–13–1, he is entitled to have the lawsuit adjudicated in Kane County since that is where the property is located. The problem with Hatch's argument is that it is undisputed that the property is owned by the limited partnership REDC, which is not a plaintiff in the Kane County suit.[1] Therefore, the action is not brought by one who claims a legal interest in the real property. U.C.A., 1953, § 78–40–1. Moreover, this is not a dispute over the ownership of the Kane County land, but a dispute between partners over their respective rights and duties. Venue is therefore controlled by U.C.A., 1953, § 78–13–7, which provides generally that an action is to be tried "in the county in which the cause of action arises, or in the county in which any defendant resides at the commencement of the action." Since all parties to this lawsuit are residents of Utah County, the case

should be heard there. This is particularly so since a similar lawsuit was already ongoing in Utah County between these same parties.[2]

The order of dismissal is therefore affirmed. Costs to Davis and Dyer.

---

1. In his reply brief, Hatch states, "We both agree that title rests and should rest in the record name of REDC."

2. See Utah R.Civ.P. 13(a) for requirements of filing a compulsory counterclaim.